ROBERT E. SAMPSON AND LUCINDA SAMPSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sampson v. Commissioner
Docket No. 22757-84.
United States Tax Court
T.C. Memo 1987-35; 1987 Tax Ct. Memo LEXIS 35; 52 T.C.M. (CCH) 1421; T.C.M. (RIA) 87035; January 15, 1987. Robert E. Sampson, pro se. Richard W. Kennedy and R. Alan Lockyear, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In a statutory notice of deficiency dated April 6, 1984, respondent determined deficiencies in petitioners' *36 Federal income tax liabilities, as follows: Years
Deficiencies
1980
$10,506
1981
15,204
After concessions, the issues for decision are whether petitioners are entitled to deduct their cash investment in a tax shelter and whether petitioners may use the accelerated cost recovery system under section 168 [1] to depreciate certain rental property. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners resided in Salt Lake City, Utah, at the time they filed the petition herein. Petitioners timely filed their joint Federal income tax returns for 1980 and 1981. Petitioners filed an amended joint Federal income tax return for 1980 on November 13, 1981. In 1980, petitioners paid $1,800 to purchase a print of a motion picture entitled "Bottom," to be produced by Commedia Pictures, Inc. On their 1980 Federal income tax return, as amended, petitioners deducted depreciation ($55,428) and claimed an investment tax credit ($18,000) with respect to their investment in "Bottom." In his notice of deficiency, among other adjustments, *37 respondent disallowed the depreciation deduction and investment tax credit claimed with respect to petitioners' investment in "Bottom," and petitioners now concede those adjustments. Petitioners seek, however, a deduction for 1980 for the $1,800 cash out-of-pocket investment in "Bottom" either as a theft loss under section 165(c) or as a deduction to which they claim to be entitled under principles of equity. Also in September of 1980, petitioners purchased a residence in Salt Lake City, Utah, which they rented. On their 1980 tax return, petitioners deducted depreciation with respect to the property based on a 25-year useful life thereof. On their 1981 tax return, petitioners deducted depreciation with respect to the property on a 15-year useful life using the accelerated cost recovery system under section 168, enacted in 1981. OPINION With regard to the first issue concerning petitioners' investment in the motion picture "Bottom," petitioners herein agree to be bound by our resolution of this same issue in West v. Commissioner, 88 T.C.     (filed Jan. 15, 1987), which also involved taxpayers who had invested in "Bottom." In West, we determined that the taxpayers *38 were not entitled to any deduction with respect to their investment in "Bottom," and that determination is binding on petitioners herein. With regard to the depreciation issue, petitioners argue that they are entitled to change the useful life of the rental property from 25 years to 15 years because in 1981, Congress enacted the accelerated cost recovery system ("ACRS"), under which depreciation deductions on rental real property were to be based on a useful life of 15 years. Sec. 168(c)(2)(D) as originally enacted in sec. 201(a) of the Economic Recovery Tax Act of 1981, Pub. L. No. 97-34, 95 Stat. 172. [2]
The rental property in question was purchased by petitioners and placed in service in September of 1980. Section 168(e)(1) clearly provides that property placed in service before January 1, 1981, does not qualify for depreciation under ACRS. [3] We sustain respondent on this issue. *39 Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. Sec. 168(c)(2)(D) was amended in sec. 111(b)(3)(B) of the Tax Reform Act of 1984, Pub. L. No. 98-369,    Stat.   , to change the depreciable useful life for real property from 15 years to 19 years.↩
3. Sec. 168, as in effect during 1980, provided: (a) Allowance for Deduction. -- There shall be allowed as a deduction for any taxable year the amount determined under this section with respect to recovery property. * * * (c) Recovery Property. -- For purposes of this title -- (1) Recovery property defined. -- Except as provided in subsection (e), the term "recovery property" means tangible property of a character subject to the allowance for depreciation -- (A) used in a trade or business, or (B) held for the production of income. (2) Classes of recovery property. -- Each item of recovery property shall be assigned to one of the following classes of property: * * * (D) 15-year real property. -- The term "15-year real property" means section 1250 class property which does not have a present class life of 12.5 years or less. * * * (e) Property Excluded From Application of Section. -- For purposes of this section -- (1) Property placed in service before January 1, 1981. -- The term "recovery property" does not include property placed in service by the taxpayer before January 1, 1981. * * *↩